
**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIM MCGEACHY, | Hon. Jose L. Linares |
| Petitioner, | Civil No. 10-3343 (JLL) |
| v. | |
| WARDEN VELEY, et al., | **OPINION** |
| Respondents. | |

**APPEARANCES**:

> TIM MCGEACHY, #23318
> Hudson County Correctional Center
> 35 Hackensack Avenue, C-500-East
> Kearny, NJ  07032
> Petitioner Pro Se

**LINARES**, District Judge:

Petitioner Tim McGeachy filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his incarceration at the Hudson County Correctional Center. For the reasons expressed below, this Court will construe the Petition as seeking relief pursuant to 28 U.S.C. § 2241, dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability.

**I.    BACKGROUND**

Petitioner, who is incarcerated at Hudson County Correctional Center in New Jersey on a homicide charge, seeks a writ under 28 U.S.C. § 2254. He asserts the following facts. On

December 31, 2009, New Castle police officers arrested Petitioner in New Castle, Pennsylvania, on a homicide warrant issued in Hudson County, New Jersey. Petitioner allegedly elected to challenge the extradition and, through counsel, filed a habeas petition in the Court of Common Pleas of Lawrence County on March 1, 2010. See Pennsylvania v. McGeachy, Docket No. CR-0000403-09 (filed Jan. 6, 2010) (CM/ECF No. 1, at 11-15.) The docket, which is attached to the § 2254 Petition, indicates that on April 1, 2010, Judge Michael J. Wherry ordered Petitioner released to an agent of the State of New Jersey for transportation to New Jersey. (Id., at 15.) Petitioner alleges that on April 8, 2010, Lawrence County Jail officials released Petitioner to the custody of the Hudson County Sheriff, whose agents transported Petitioner to the Hudson County Jail. Although the Petition does not list grounds, in a narrative form, Petitioner claims that his transfer to New Jersey authorities violates his rights under the Extradition Act because Pennsylvania Governor Ed Rendell did not sign a Governor's Warrant and the extradition papers were not proper. He seeks a writ of habeas corpus directing the Warden of Hudson County Jail to "produce the body of said Tim McGeachy, by said warden imprisoned and detained for hearing and determination as such cause of such imprisonment and detention before U.S. District Court for District of New Jersey." (Id., at 6-7.)

## II.   STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See Fed. R. Habeas Corpus 2(c), applicable to § 2241 petitions through Rule 1(b); 28 U.S.C. § 2254.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856 (citing Fed. R. Habeas Corpus 4); see also Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Fed. R. Habeas Corpus 4.

### III. DISCUSSION

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is *in custody* pursuant to an untried state indictment. See Maleng v. Cook, 490 U.S. 488, 490 (1989); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). This Court construes Petitioner's pretrial challenge to his detention at Hudson County Correctional Center as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The extradition provisions of the federal code and the state of New Jersey provide that, when the governor of one state demands of the governor of another state a person as a fugitive from justice and produces an indictment or affidavit made before a magistrate which charges the person with a crime, the executive authority of the asylum state is required to arrest the fugitive, notify the demanding state, and confine the fugitive for a minimum of 30 days. See 18 U.S.C. § 3182; N.J. STAT. ANN. § 2A:160-1 et seq. The federal Extradition Act, like New Jersey's Uniform Criminal Extradition Law ("UCEL"), requires the governor of the asylum state to honor a proper demand from the governor of the demanding state for a fugitive who has fled the

demanding state.[1] See 18 U.S.C. § 3182; N.J. STAT. ANN. § 2A:160-11, 15. If the governor of the asylum state decides that the demand is proper, then the governor must sign a warrant authorizing a peace officer to arrest the fugitive and deliver him to an agent of the demanding state. See N.J. STAT. ANN. § 2A:160-15, 16. The officer in the asylum state who executes the arrest warrant may confine the fugitive in a county jail, and "the keeper of such jail must receive and safely keep the prisoner until the officer or person having charge of him is ready to proceed on his route." Id. at § 2A:160-20. Under the terms of UCEL, a fugitive in the asylum state may not be delivered to the demanding state unless he is first taken before a judge who informs him of the demand and the crime with which he is charged and asks him if he desires to test the legality of his arrest. Id. at § 2A:160-18. If the fugitive desires to test the legality of his arrest, then the law requires the judge in the asylum state to fix a reasonable time within which the fugitive may apply for a writ of habeas corpus. Id. The purpose of the writ is limited to a challenge to the fugitive's detention in the asylum state. See California v. Super. Ct. of Cal., 482 U.S. 400, 408 (1987) ("The courts of asylum States may do no more than ascertain whether the requisites of the Extradition Act have been met."); see also Barton v. Norrod, 106 F. 3d 1289, 1298 (6th Cir. 1997).

---

[1] The Extradition Clause of the Constitution provides:

> A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. CONST. art. IV, § 2, cl. 2.

4

In the present Petition, Petitioner challenges the legality of his pretrial detention in the Hudson County Jail on the ground that his extradition from Pennsylvania was illegal. Despite the alleged illegality of his extradition, Petitioner in this case is not entitled to a writ of habeas corpus because he is already in the custody of the demanding state. "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Harden v. Pataki, 320 F. 3d 1289, 1299 (11th Cir. 2003) (quoting Barton, 106 F. 3d at 1298). Because habeas relief based on irregularities in the extradition procedure is no longer available to Petitioner, this Court will dismiss the Petition for Writ of Habeas Corpus. The dismissal is without prejudice to the filing of a § 2254 petition in the event that Petitioner is convicted (after exhausting his federal claims before all three levels of the New Jersey courts), or a civil rights action under 42 U.S.C. § 1983.[2]

Finally, this Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

JOSE L. LINARES, U.S.D.J.

Dated: August 24, 2010

---

[2] This Court makes no finding as to the merits of any civil rights action.